FILED
Aug 28, 2024
02:24 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| CLIFFORD MONTRELL HICKS, **Employee,** | ) ) | Docket No.: 2023-08-7416 |
| v. | ) | |
| FULLEN DOCK AND WAREHOUSE, **Employer,** | ) ) | State File No.: 81108-2023 |
| And | ) | |
| MANUFACTURERS ALLIANCE INS. CO., **Carrier.** | ) ) ) | Judge Shaterra R. Marion |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

The Court held an expedited hearing on August 20, 2024. Mr. Hicks requested medical and temporary disability benefits for his alleged work injury. Fullen Dock argued that the Court should deny his request for additional benefits. The Court agrees and denies the requested benefits.

### History of Claim

Mr. Hicks fell on a barge on June 21, 2022. A coworker took him to the hospital, where they performed CT scans of his brain and lumbar, thoracic, and cervical spine. The findings were normal, and his diagnosis consisted of contusions and a scalp hematoma. Repeat imaging two months later showed no acute findings.

Soon after, Mr. Hicks began treating with Dr. Christopher Pokabla.[1] At his first visit, Dr. Pokabla ordered cervical, lumbar, and shoulder x-rays. The x-rays showed no evidence of acute trauma, only arthritis. Dr. Pokabla ordered cervical, lumbar, and left-shoulder MRIs, which confirmed only degenerative changes. Eventually, Dr. Pokabla released Mr. Hicks at maximum medical improvement with a 0% impairment rating and no anticipated need for additional treatment.

---

[1] Fullen Dock initially accepted this case as a Longshoreman's claim. When Fullen Dock asked Mr. Hicks if he had a doctor preference, and he stated none, so Fullen Dock authorized medical treatment with Methodist North Hospital and Dr. Christopher Pokabla.

At his deposition, Dr. Pokabla stated that Mr. Hicks's work incident did not cause his degenerative changes. He did say that Mr. Hicks will probably need treatment for his non-work-related chronic degenerative arthritis. He did not believe Mr. Hicks needed any additional treatment for his work injury.

A year after his work injury, Mr. Hicks sought treatment with an unauthorized primary care physician because of shoulder, neck, and low-back pain after helping his sister lift a couch. He informed the doctor about pain in multiple joints after his fall at work. The doctor diagnosed arthralgia.

Later, Mr. Hicks visited another orthopedic, Dr. Michael Hood, with bilateral shoulder pain. Dr. Hood took a shoulder x-ray, which came back normal aside from postsurgical changes from an earlier surgery. Dr. Hood diagnosed a shoulder sprain.

Mr. Hicks treated with a second primary care physician, Dr. Anna Yang, in October 2023 complaining of chronic neck and back pain after a fall at work. Dr. Yang made a neurosurgery referral; however no records were provided from a neurosurgeon.

Mr. Hicks requested both medical benefits for his continued pain and temporary disability benefits. He testified that he continues to suffer pain and he missed two work days after his injury.

### Findings of Fact and Conclusions of Law

Mr. Hicks has the burden of proving he is likely to prevail at a hearing on the merits on his claim for medical and temporary benefits for his alleged neck, shoulders, and back injury. Tenn. Code Ann. § 50-6-239(c)(6) (2023); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

To meet this burden, he must show that a physician has found to a reasonable degree of medical certainty that his fall at work contributed more than 50 % in causing his current need for medical treatment, considering all causes. Tenn. Code Ann. § 50-6-102(12). He has not done so.

Mr. Hicks testified that his fall at work caused his current injuries. However, the Appeals Board held that an employee's "subjective belief, no matter how sincerely held, is not a sufficient basis to support his claim for workers' compensation benefits." *Rucker v. Fed'l Express Corp.*, 2024 TN Wrk. Comp. App. Bd. LEXIS 3, at *8 (Feb. 12, 2024). Instead, Mr. Hicks must present medical evidence to establish a causal relationship. *Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 643 (Tenn. 2008).

The Court acknowledges that Mr. Hicks fell at work and suffered contusions and a laceration, but he requests medical treatment for continued joint pain. Here, Dr. Pokabla stated that Mr. Hicks's work did not contribute more than 50% to his current need for medical treatment. The other doctors did not give causation opinions. Based on the evidence provided, the Court finds that Mr. Hicks is not likely to prevail at a hearing on the merits in showing that his work primarily caused his current need for medical treatment and denies his request for medical benefits at this time.

Turning to Mr. Hicks's claim for temporary disability benefits, no temporary disability benefits are paid for the first seven days of disability, unless the disability lasts more than 14 days. Tenn. Code Ann. § 50-6-205(a). Mr. Hicks testified he missed two days of work. The Court therefore finds that he is not likely to prove at a hearing on the merits that he is entitled to temporary disability benefits.

**IT IS THEREFORE ORDERED** as follows:

1. Mr. Hicks's request for medical and temporary disability benefits is denied at this time.

2. The Court sets a status conference for **October 28, 2024, at 10:00 a.m. Central Time.** The parties must call **(866) 943-0014** to participate. Failure to call may result in a determination of the issues without the party's participation.

**ENTERED August 28, 2024.**


_____
**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Medical Records Submitted by Mr. Hicks
2. Medical Records Submitted by Fullen Dock
3. Rule 72 Declaration of Catharine Pridgeon
4. Separation Notice
5. First Report of Injury
6. Deposition of Dr. Christopher Pokabla

For Identification Only:
7. Medical Bills Submitted by Mr. Hicks

**CERTIFICATE OF SERVICE**

I certify that a copy of this order was sent as indicated on August 28, 2024.

| Name | U.S. Mail | Via Email | Service sent to: |
| --- | --- | --- | --- |
| Clifford Montrell Hicks, Employee | X | X | 2329 Vollintine Avenue Memphis, TN 38108 montrellhicks2@gmail.com |
| Donna Wilkerson, Employer's Attorney | | X | dwilkerson@wimberlylawson.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1.  Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3.  You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4.  After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*